IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-190-FL

| | | |
|---|---|---|
| MURALI V. BHOGIREDDI and HIMABINDU PATI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| COMMISSIONER OF INTERNAL REVENUE and TAMMIE A. GRIER, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not file a response in opposition to the motion, and the time for doing so has expired. In this posture, the issues raised are ripe for ruling. For the reasons set forth below, the court grants defendants' motion.

**STATEMENT OF THE CASE**

Plaintiffs commenced this action pro se on April 30, 2018, and filed an amended complaint on July 9, 2018. Plaintiffs assert claims that defendants discriminated against plaintiffs on the basis of their national origin and religion in violation of 42 U.S.C. §§ 1981 and 2000,[1] and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by disallowing a deduction on the

---

[1] Presumably, plaintiffs are referring to 42 U.S.C. § 2000e ("Title VII").

schedule A of their tax return for money paid as a down payment on their home. Plaintiffs seek declaratory and injunctive relief, compensatory damages, punitive damages, costs, and attorney's fees.

Defendants filed the instant motion to dismiss on July 23, 2018. Defendants argue that the United States has not waived sovereign immunity, plaintiffs' claims are barred because they seek to restrain the collection of taxes, the court lacks jurisdiction to grant monetary damages in this case, and plaintiffs' claims against federal officers in this case are in defendants' official capacities only, and thus should be dismissed as claims against the United States. Defendants also argue plaintiffs have failed to state a claim upon which relief can be granted because the Internal Revenue Code does not allow deductions for down payments on a home.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows.[2] Plaintiffs filed their taxes on a timely basis, including a copy of their settlement statement which includes their own payment funds for their home. (Compl. at 2). The Internal Revenue Service disallowed their down payment as a deduction on the Schedule A of their tax return. (Id.). Plaintiffs received notices of deficiencies in their taxes and disagree with the decisions of the Internal Revenue Service. Plaintiffs allege many of their coworkers of other religious and national origins were allowed to deduct the down payment from the purchase of their home from their gross income. (Id.). Plaintiffs further allege discrimination on the basis of race and national origin. (Id. at 3).

---

[2] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the amended complaint filed July 9, 2018, (DE 15), unless otherwise specified.

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

Plaintiffs first seek damages against defendant. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). "Because the default position is that the federal government is immune to suit, any waiver of that immunity must be strictly construed ... in favor of the sovereign." Pornomo v. United States, 814 F.3d 681, 687 (4th Cir. 2016) (internal citations omitted). "For that reason, it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." Welch v. United States, 409 F.3d 646,

3

651 (4th Cir. 2005). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Id. Moreover, "a suit against a federal official for acts performed within his official capacity . . . amounts to an action against the sovereign." Portsmouth Redevelopment & Hous. Auth. v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983).

Here, plaintiffs' suit seeks damages for discrimination on the basis of national origin and religion, allegedly in violation of 42 U.S.C. §§ 1981 and 2000e,[3] and the Fifth, Sixth, and Fourteenth Amendments. Where plaintiffs are seeking to enforce their damages claims against defendants pursuant to a Bivens[4] action against the federal government and its officers, such claims are barred by sovereign immunity. Meyer, 510 U.S. at 486. Plaintiffs have failed to show that any acts of the Commissioner of the Internal Revenue Service or Tammie A. Geier, an employee of the Internal Revenue Service, were anything more than acts taken in their official capacity. Moreover, plaintiffs have failed to meet their burden to show that sovereign immunity has been waived in this case. Therefore, plaintiffs' damages claims must be dismissed for lack of subject matter jurisdiction.[5]

Plaintiffs also seek injunctive relief to "remedy the effects of discrimination to prevent repeated occurrences in the future by reading their own written IRS Publication 530; 936." (Compl. at 3). Except for several limited exceptions defined by statute, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) ("Anti-

---

[3] While Title VII does waive sovereign immunity, it does so only for claims brought by federal employees against the federal government. Bullock v. Napolitano, 666 F.3d 281, 284 (4th Cir. 2012). Plaintiffs do not allege employment discrimination however, and thus the waiver of immunity under Title VII is inapplicable here.

[4] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[5] The court does not reach the issue of whether plaintiffs are suing for a refund because their cause of action is for discrimination, not to seek a tax refund. Moreover, nothing in plaintiffs' complaint suggests that they have paid their tax liability, nor that they have exhausted their administrative remedies with respect to tax collection.

Injunction Act); see also Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 404–05 (4th Cir. 2003). None of the laws under which the plaintiffs seek relief provide a basis for enjoining the collection of taxes by defendants. Therefore, the court lacks subject matter jurisdiction over plaintiffs' claim for injunctive relief.

Since the court lacks subject matter jurisdiction over this case, it does not reach the issue of whether plaintiffs fail to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 16) is GRANTED for lack of subject matter jurisdiction, and this action is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of December, 2018.

LOUISE W. FLANAGAN
United States District Judge